# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| CHRISTINE A. CARLSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:15-cv-00200 |
| | ) CHIEF JUDGE CRENSHAW |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 52), recommending that the Court grant in part Plaintiff's Motion for Judgment on the Record (Doc. No. 44), deny Defendant's Motion for Judgment on the Record (Doc. No. 42), and remand Plaintiff's claim to the Plan Administrator for consideration of additional evidence. Defendant filed timely objections, arguing that it substantially complied with the regulations and provided a full and fair review of the claim. (Doc. No. 53.) For the following reasons, Defendant's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

The full factual and procedural background is well set forth in detail in the Report and Recommendation. (Doc. No. 52.) After the death of her husband, Plaintiff filed a claim with Defendant for benefits under the life insurance policy. (Id. at 2.) The Office of the Medical Examiner determined that the Decedent's death was caused by suicide, and Defendant denied Plaintiff's claim on that basis. (Id. at 2-3.) Plaintiff timely appealed the denial of benefits. (Id. at 3.) After multiple extensions to the statutory sixty day period to make a decision on the appeal, on December 13, 2013, Plaintiff notified Defendant that the Office of the Medical Examiner was

reopening the case and reviewing his findings based on the information contained in Plaintiff's investigator's report. (Id. at 4.) Plaintiff further informed Defendant that she was still investigating her husband's death, and she expected her investigation to be complete by mid-January 2014. (Id.) After multiple correspondence, on January 25, 2014, Defendant requested certain information, which Plaintiff provided what she had two days later. (Id. at 5.) On March 11, 2014, the Office of the Medical Examiner completed his review and changed Decedent's cause of death from "suicide" to "could not be determined." (Id. at 6.) On March 21, Defendant closed its investigation and denied Plaintiff benefits. (Id.) On March 31, 2014, the Office of the Medical Examiner certified its Amended Report and Plaintiff's counsel sent the report to Defendant. (Id.)

The primary reason that Defendant did not substantially comply with the regulations is that it did not consider the Amended Medical Examiner Report. (Doc. No. 38-1.) In that Report, David L. Zimmerman, M.D., considered three additional pieces of information that were not available when preparing the initial Report, including (1) that the muzzle of the shotgun was at the location of the entrance wound while the butt of the shotgun was on the ground at the time it was fired; (2) the forearm of the shotgun was stuck in a pulled back position, so a malfunction of the shotgun cannot be ruled out; and (3) the hunting trip was "'spur of the moment' at the suggestion of another individual." (Id.) Based on the additional information, Dr. Zimmerman changed the cause of death from "suicide" to "could not be determined." (Id.)

The Court reviews de novo the determination of whether the fiduciary employed the correct procedure in denying a claim. Marks v. Newcourt Credit Grp., Inc., 342 F.3d 444, 459 (6th Cir. 2003) (citing Kent v. United of Omaha Life Ins. Co., 96 F.3d 803, 806 (6th Cir. 1996)). The Plan Administrator must substantially comply with ERISA notice requirements. Id. at 460 (citing Kent, 96 F.3d at 807-08). The regulations for claims appeals require plan administrators to allow

claimants "the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits," and to consider that information "without regard to whether such information was submitted or considered in the initial benefit determination." 29 C.F.R. § 2560.503-1(h)(2)(ii) and (iv). The Plan Administrator gives a claimant a "full and fair review" when it notifies the claimant "what evidence the decision-maker relied upon," when the claimant has "an opportunity to address the accuracy and reliability of that evidence," and when the claimant has the opportunity to ask the decision-maker to "consider the evidence presented by both parties prior to reaching and rendering his decision." Marks v. Newcourt Credit Grp., Inc., 342 F.3d 444, 461 (6th Cir. 2003) (citing Haplin v. W.W. Grainger, Inc., 962 F.2d 685, 689 (7th Cir. 1992)).

Here, Plaintiff notified Defendant in November that the Medical Examiner was reopening the case and that Plaintiff wanted to supplement the record with this information. Dr. Zimmerman did not finish the Amended Report until March 11, 2014, and did not certify it until March 31, the date Plaintiff provided it to Defendant. (Doc. No. 53 at 4.) Plaintiff literally provided the report on the first possible date that she could. Defendant should have waited to receive all of Plaintiff's additional documentation, which she has a right to produce, prior to closing the record and making a final decision. As such, Plaintiff did not have an "opportunity to address the accuracy and reliability" of the first Medical Examiner's Report through the Amended Report, nor did the decision-maker have the opportunity to consider the Amended Report prior to rendering her decision. See Zuke v. Am. Airlines, Inc., 644 F. App'x 649, 654 (6th Cir. 2014) (holding that a plan administrator cannot ignore objective evidence when conducting a full and fair review); Loan v. Prudential Ins. Co. of Am., 370 F. App'x 592 (6th Cir. 2010) (finding that the plan administrator did not conduct a full and fair review when it did not consult a toxicologist that was central to the claim). Therefore, Plaintiff did not have the opportunity to have a full and fair review of her claim.

Defendant argues that it substantially complied with the regulations by granting Plaintiff multiple extensions, and that it is not required to hold an appeal open for an "indefinite period to allow the claimant more time to submit evidence." (Doc. No. 53 at 7.) However, when Plaintiff served notice that potentially important information was forthcoming that is directly relevant to her claim, she has a right under § 2560.501-1 for Defendant to hold the record open pending receipt of that information. See Gaither v. Aetna Life Ins. Co., 394 F.3d 792, 808 (10 Cir. 2004) ("An ERISA fiduciary presented with a claim that a little more evidence may prove valid should seek to get to the truth of the matter.") The Sixth Circuit has looked favorably, without adopting, a rule that the Plan Administrator should locate evidence that is "easily attainable" to a claim. McAlister v. Liberty Life Assur. Co. of Boston, 647 F. App'x 539, 550 (6th Cir. 2016) (compiling cases) (quoting Booton v. Lockheed Med. Benefit Plan, 110 F.3d 1461, 1463-64 (9th Cir. 1997)). The Administrative Record is clear that Plaintiff and Defendant were in constant contact during the appeal, and Defendant's Appeal Specialist even "appreciated" and "recognized" Plaintiff's counsel's "hard work and responsiveness." (Doc. No. 20-11 at 25.) Defendant could easily have sent Plaintiff's counsel an email asking whether Plaintiff still intended to provide the additional information she informed Defendant she would be providing, or asked the Medical Examiner when his supplemental report would be finished. It did neither. As such, the closing of the Administrative Record prior to receiving all known information Plaintiff wished to supply was arbitrary and did not substantially comply with the ERISA regulations.

Defendant argues that Plaintiff suffered no prejudice for its failure to consider the Supplemental Medical Examiner's Report. (Doc. No. 42 at 2.) Generally, "procedural violations entail substantive remedies only when some useful purpose would be served." Kent, 96 F.3d at 807. Defendant admits that the Medical Examiner's Supplemental Report is "at best neutral as to

4

the cause of death," while the original report affirmatively stated that "suicide" was the cause of death. The fact that the butt of the shotgun was on the ground while the Decedent was on a bucket appears to mitigate evidence of suicide, as does the fact that the hunting trip was not the Decedent's idea and that shotgun malfunction could not be ruled out. As the regulations require Defendant to review the case without regard to whether the information was considered at the initial review stage, the Court believes the Plan Administrator should review the claim anew with the additional evidence.

The Medical Examiner changed his determination that the Decedent's death in this case was "suicide" to "could not be determined" and the Plan Administrator did not substantially comply with the regulations by leaving the record open long enough to consider such evidence. That requires remand to the Plan Administrator. As such, the Report and Recommendation (Doc. No. 52) is **ADOPTED**, Plaintiff's Motion for Judgment on the Record (Doc. No. 44) is **GRANTED IN PART** with respect to remanding the case to the Plan Administrator and **DENIED IN PART** in all other respects, Defendant's Motion for Judgment on the record is **DENIED**, and the case is **REMANDED** to the Plan Administrator for further proceedings consistent with this Order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE